UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY BENNETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:18-cv-00350 |
| | ) CHIEF JUDGE CRENSHAW |
| TONY PARKER, et al., | ) ) |
| Defendants. | ) |

## ORDER

Corey Bennett, an inmate at the Riverbend Maximum Security Prison in Nashville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff has not submitted either the required civil filing fee, or an application to proceed *in forma pauperis*. For the following reasons, the Court nonetheless concludes that Plaintiff may not proceed in this action *in forma pauperis*, and this action will be dismissed.

As an initial matter, the complaint lists another individual as a plaintiff in addition to Corey Bennett, but that individual did not sign the complaint. Accordingly, the Clerk is **DIRECTED** to update the docket to reflect that Corey Bennett is the only plaintiff in this case.

As to Plaintiff's failure to pay the filing fee or submit an application to proceed *in forma pauperis*, the Court has repeatedly notified Plaintiff that he is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g).[1] That provision bars a prisoner from filing a complaint *in forma*

---

[1] This Court informed Plaintiff that he is subject to the "three-strikes" provision no later than August 2014. See Bennett v. R.M.S.I. Trust Fund Dep't et al., Case No. 3:14-cv-01691 (Doc. No. 3.) Additionally, the Eastern District of Tennessee informed Plaintiff of the same thing in November 2013, see Bennett v. Jones, et al., Case. No. 3:13-cv-00626 (E.D. Tenn. Nov. 12, 2013), as did the Western District of Tennessee in May 2014. See Bennett v. Roberts, et al., Case. No. 1:14-cv-01113 (W.D. Tenn. May 21, 2014).

*pauperis*—that is, without prepaying the full filing fee—if he has previously filed three or more cases in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. A prisoner who falls within the scope of § 1915(g) must pay the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Pointer v. Wilkinson, 502 F.3d 369, 372 (6th Cir. 2007).

To demonstrate that he is entitled to this imminent-danger exception, a prisoner "need[ ] only to assert allegations of imminent danger; he need not affirmatively prove those allegations at this stage of litigation." Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 585 (6th Cir. 2013) (quoting Tucker v. Pentrich, 483 F. App'x 28, 30 (6th Cir. 2012)). The Court, however, is not required to uncritically accept a prisoner's allegations of imminent danger as credible. A prisoner must "show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." Id. (quoting Taylor v. First Med. Mgmt., 508 F. App'x 488, 492 (6th Cir. 2012)). The Sixth Circuit has specifically noted that "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." Id. (quoting Rittner v. Kinder, 290 F. App'x 796, 798 (6th Cir. 2008)).

Here, Plaintiff alleges that, on February 21, 2018, he informed staff members at Riverbend Maximum Security Prison ("RMSI") that he was being housed next to a gang member who told Plaintiff that he would have Plaintiff killed. (Doc. No. 1 at 5–6.) According to Plaintiff, this inmate is permanently housed at Morgan County Correctional Complex ("MCCX"), but MCCX staff transferred the inmate to RMSI to "kill [Plaintiff] due to a previous lawsuit that [Plaintiff] had filed

2

on MCCX staff" in 2013. (Id.) This inmate was then transferred back to MCCX, but an MCCX staff member has allegedly contacted RMSI staff in an attempt to have him returned to RMSI. (Id. at 7.) Plaintiff alleges that RMSI staff members are involved "in a conspiracy" to have the inmate transferred to RMSI to "help . . . have [Plaintiff] killed." (Id. at 8.) Plaintiff also alleges that he sent letters to officials with the Tennessee Department of Correction requesting to be designated incompatible with this inmate. (Id. at 7.)

Even taking as true Plaintiff's assertion that he was housed next to an inmate at RMSI who wanted to kill him, Plaintiff's allegations reflect that this inmate had been transferred back to MCCX by the time Plaintiff filed this action. Thus, by Plaintiff's own admission, this inmate did not present an imminent danger of serious physical injury at the time Plaintiff filed the complaint, as required to qualify for the imminent-danger exception of § 1915(g). See Vandiver, 727 F.3d at 585.

Alternatively, the Court denies Plaintiff leave to proceed *in forma pauperis* because his allegations are clearly baseless. Based on the Court's "judicial experience and common sense," as well as Plaintiff's documented history of filing meritless lawsuits in this Court,[2] the Court cannot accept Plaintiff's conclusory assertion that MCCX staff, RMSI staff, and gang members at both prison facilities are involved in a conspiracy to kill Plaintiff in retaliation for filing a complaint in 2013. In short, Plaintiff's allegations of imminent danger are "fantastic or delusional and rise to the level of irrational or wholly incredible." See id. Thus, even if Plaintiff files an application to proceed *in forma pauperis* in this action, the Court must deny it under § 1915(g).

---

[2] On May 24, 2018, the Court adopted a Report and Recommendation ("R&R") recommending dismissal with prejudice of seven other cases filed by Plaintiff at Plaintiff's request. See, e.g., Bennett v. Cooper, et al., Case No. 3:17-cv-01467, Doc. No. 39. In the R&R, Magistrate Judge Newbern specifically stated that Plaintiff "has admitted in various ways that [the allegations in his seven pending actions] were without merit, and the Court will consider that history in its evaluation of any future actions [Plaintiff] might file." See, e.g., id., Case No. 3:17-cv-01467, Doc. No. 38 at 6.

The Court's determination that Plaintiff's allegations do not entitle him to the imminent-danger exception of § 1915(g) applies only to this case. The Court will evaluate any other complaints in accordance with the appropriate statutory requirements. Moreover, the Court must consider the complaint in this or any other civil action if he pays the full filing fee of $400.00, as all plaintiffs who are not granted *in forma pauperis* status must do.

Plaintiff has demonstrated through his many previous filings in this Court that he is indigent, and that granting him 30 days in which to submit the $400.00 filing fee would be futile. Accordingly, this action is **DISMISSED** without prejudice for failure to submit the filing fee with the complaint. Plaintiff may, however, file a motion to alter or amend judgment accompanied by the full $400.00 filing fee within 28 days of entry of this Order. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE